BL

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Faustino Sanchez-Alvarez, | No. CV 05-3255-PHX-DGC (GEE) |
| Plaintiff, | **ORDER** |
| vs. | |
| Joseph Arpaio, | |
| Defendant. | |

In this civil rights action brought by a *pro se* inmate, Defendant has moved to dismiss (Dkt. #6) for lack of exhaustion. Plaintiff has failed to respond. After careful review of these pleadings and the record, the Court will grant Defendant's motion.

**A.   Background**

Plaintiff filed a civil rights action, 42 U.S.C. § 1983, against Joseph Arpaio alleging that his constitutional rights were violated by (1) an improper diet, (2) overcrowding, and (3) unsanitary conditions (Dkt. #1). This Court ordered Defendant Arpaio to answer the Complaint (Dkt. #3) and he subsequently filed a Motion to Dismiss (Dkt. #6). In his Motion to Dismiss, Defendant argued that Plaintiff failed to exhaust his administrative remedies (Dkt. #6).[1] Attached to the motion were (1) an affidavit of Zelean Tademy, a Maricopa County Sheriff's Office Hearing Officer for inmate discipline and grievances, and (2) Maricopa County Sheriff's Office Inmate Grievance Procedure (Dkt. #6).

---

[1] Defendant incorrectly argues that "when a prison states multiple claims, and fails to exhaust only one claim, the complaint should be dismissed in its entirety" (Dkt. #6 at 3). See Lira v. Herrera, 427 F.3d 1164, 1175-76 (9th Cir. 2005). However, because Plaintiff's Complaint does not contain any unexhausted claims, this misstatement is immaterial.

**B.   Failure to Respond**

Local Rule of Civil Procedure 83.3(d) provides that a Plaintiff must file and serve a notice of change of address 10 days before his move is effective.  Additionally, in the instructions for a prisoner filing a civil rights complaint, the notice of assignment, and the service order, Plaintiff repeatedly was notified that he must inform this Court of any change of address (Dkts. ## 2, 3).

Local Rule of Civil Procedure 7.2(i) provides that if a party files a motion to dismiss, and this Court orders a response, and "the opposing party does not serve and file the required answering memoranda . . . such non-compliance may be deemed a consent to the . . . granting of the motion and the Court may dispose of the motion summarily."  See also Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (providing that the district court did not abuse its discretion in summarily granting defendants' motion to dismiss pursuant to local rule where *pro se* plaintiff had time to respond to the motion but failed to do so).  Moreover, "[p]ursuant to Federal Rule of Civil Procedure 41(b), [this Court] may dismiss an action for failure to comply with any order of the [C]ourt."  Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992).

After Defendant filed the Motion to Dismiss, Plaintiff was provided notice of that motion, advised of his obligation to respond to the motion, and informed that the failure to respond may "be deemed a consent to the . . . granting of the motion" (Dkt. #9).  Despite these warnings, Plaintiff has failed to respond to the Defendant's Motion to Dismiss.  Moreover, mail sent to Plaintiff has been returned as undeliverable (Dkt. #13).  Accordingly, Plaintiff's failure to respond to the Motion to Dismiss will be construed as a consent to the granting of it.  Alternatively, because Plaintiff has failed to notify this Court of his change of address, his action will be dismissed pursuant to Rule 41(b).  However, out of an abundance of caution, the merits of Defendant's Motion to Dismiss will be addressed.

**C.   Legal Standard on Motion to Dismiss**

Pursuant to 42 U.S.C. § 1997e(a) of the Prison Litigation Reform Act, a prisoner may not bring a lawsuit with respect to prison conditions under 42 U.S.C. § 1983 unless all

available administrative remedies are exhausted. See Roles v. Maddox, 439 F.3d 1016, 1017 (9th Cir. 2006). Exhaustion is mandated "regardless of the relief offered through administrative procedures." Booth v. Churner, 532 U.S. 731, 741 (2001). It is required in all inmate suits regarding prison life. Porter v. Nussle, 534 U.S. 516, 523 (2002).

"The defendants have the burden of raising and proving a prisoner's failure to exhaust under the PLRA." Ngo v. Woodford, 403 F.3d 620, 626 (9th Cir.), cert. granted, 126 S. Ct. 647 (2005). The Court considers exhaustion as a matter of abatement in an unenumerated Federal Rule of Civil Procedure 12(b) motion and "may look beyond the pleadings and decide disputed issues of fact." Wyatt v. Terhune, 315 F.3d 1108, 1119-20 (9th Cir. 2003). "A prisoner's concession to nonexhaustion is a valid ground for dismissal so long as no exception to exhaustion applies." Id. at 1120. The Court has broad discretion as to the method to be used in resolving the factual dispute. Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 369 (9th Cir. 1988). The proper remedy when a "prisoner has not exhausted nonjudicial remedies . . . is dismissal of the claim without prejudice." Id. at 1120; see also Lira v. Herrera, 427 F.3d 1164, 1170 (9th Cir. 2005).

**D.  Analysis**

According to the documents attached to the Motion to Dismiss, an inmate should seek to resolve a conflict through the Maricopa County Jail System's Inmate Grievance Procedures. Specifically, an inmate who wishes to file a grievance will be provided a Grievance Form upon request, and must submit the form to a detention officer. The unresolved grievance is forwarded to the shift Supervisor, and then to the Hearing Officer. If the Hearing Officer is unable to resolve the grievance, the inmate may appeal his decision to the jail commander, whose decision may be appealed to an External Referee. The External Referee's decision is final. Tademy attested that Plaintiff has not filed any grievances or external appeals (Dkt. #6, exh. 1; Dkt. #7, exh. A; Dkt. #10).

Defendant has demonstrated that there exists a grievance system which was made available to the Plaintiff. However, Plaintiff, failing to respond to the Motion to Dismiss, has presented nothing to support a conclusion that he availed himself of that system. Plaintiff

1 states in his Complaint that "the guards say this is not grievable;" however, this mere
2 statement is insufficient to support an allegation that Plaintiff was "reliably informed" that
3 there were no available remedies. Brown v. Valoff, 422 F.3d 926, 934-35 (9th Cir. 2005).
4 Accordingly, based on the evidence before this Court, Plaintiff failed to exhausted his
5 administrative remedies, and Defendant's Motion to Dismiss will be granted.

**IT IS ORDERED** that Defendant's Motion to Dismiss (Dkt. #6) is **granted**. Plaintiff's action is dismissed without prejudice for lack of exhaustion. The Clerk of Court shall enter a judgment of dismissal accordingly.

DATED this 30th day of May, 2006.

_____
David G. Campbell
United States District Judge